UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE J. VISNER,

    Plaintiff,

v.                                             CASE NO. 2:19-CV-11487
                                              HON. GEORGE CARAM STEEH

ISABELLA COUNTY,
ERIC JANES, and THE
JUDICIAL TENURE COMMISSION,

    Defendants.
_____/

## ORDER DISMISSING THE COMPLAINT

### I. Introduction

This matter has come before the Court on plaintiff Theodore J. Visner's pro se complaint for monetary, declaratory, and injunctive relief under 42 U.S.C. §§ 1983, 1985, and 1988. Plaintiff is a state prisoner at Parnall Correctional Facility in Jackson, Michigan. The defendants are: Isabella County, Michigan; Eric Janes, a state court judge in Isabella County; and the Michigan Judicial Tenure Commission. In his statement of facts, plaintiff alleges that, in August of 2015, he and his wife Kathy Smith were summoned to the Isabella County Courthouse as co-defendants in an eviction proceeding. Judge Janes presided over the matter, and he apparently challenged plaintiff's and Ms. Smith's standing to

raise an argument because he did not realize that the couple was married. Plaintiff contends that, before he could appeal Judge Janes' ruling, the Isabella County Sheriff's Department raided his home, stole his computers, and threw his other property in dumpsters. According to plaintiff, the home was raided again in 2018.

Plaintiff seeks relief on the basis that Judge Janes acted unlawfully, fraudulently, and maliciously to deprive him of rights secured by the state and federal Constitutions. Plaintiff also appears to allege that the Judicial Tenure Commission and Isabella County failed to take corrective action against Judge Janes and that all the defendants conspired to deprive him of his constitutional rights. He sues the defendants in their official and individual capacities.

## II. Legal Framework

Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Flanory v. Bonn, 604 F.3d 249, 252 (6th Cir. 2010); Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v.

Williams, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Jones v. Bock, 549 U.S. 199, 215 (2007).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

### III. Analysis

### A. Judge Janes

Plaintiff frames the issue in this case as whether Judge Janes could deny him and his wife standing in a summary action to evict them and then give away their home. This claim is dubious because "[j]udges generally speaking have broad immunity from being sued." Norfleet v. Renner, 924

F.3d 317, 319 (6th Cir. 2019) (citing Mireles v. Waco, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam), and Bradley v. Fisher, 80 U.S. (13 Wall. 335, 351-52 (1871)). Judicial immunity does not extend to everything a judge does, id., but judicial immunity

> is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

Mireles, 502 U.S. at 11-12 (internal and end citations omitted).

Plaintiff's statement of facts indicates that Judge Janes was acting in his judicial capacity when he presided over the eviction proceeding, and plaintiff is not challenging Judge Janes' jurisdiction in the state-court matter. Instead, plaintiff is challenging Judge Janes' ruling on the standing issue in the state case. Because rendering a decision on legal issues is a judicial function, and because a judge's "orders may not serve as a basis for a civil action for damages," Brookhart v. Rohr, 385 F. App'x 67, 70 (3d Cir. 2010), Judge Janes is immune from suit. Judicial immunity applies even though plaintiff alleges that Judge Janes acted maliciously. Brookings v. Clunk, 389 F.3d 614, 617 (6th Cir. 2004) (citing Pierson v. Ray, 386 U.S. 547, 554 (1967), and Mireles, 502 U.S. at 11). The Court, therefore, dismisses Judge Janes from this action.

## B. The Judicial Tenure Commission

Michigan's Judicial Tenure Commission is also a defendant in this case. The Commission

> was created pursuant to Const 1963, art 6, § 30(I), to assist the people of Michigan and [the Michigan] Supreme Court evaluate a judge's conduct. See In re Servaas, 484 Mich. 634, 661; 774 NW2d 46 (2009) (Markman, J., dissenting). Its powers are established by constitution and Supreme Court rule. MCR 9.203(A). It may not function as an appellate court to review a court's decision, but may make recommendations to our Supreme Court regarding whether a judge should be censured, suspended, retired, or removed for various reasons. MCR 9.203(B) and Const 1963, art 6, § 30.

McCarthy v. Sosnick, Nos. 293482, 293483, 294383, 294385, 295728, and 295784, 2011 WL 4424344, at *13 (Mich. Ct. App. Sept. 22, 2011) (unpublished).

Under state law, however, members of the Judicial Tenure Commission are absolutely immune from a civil suit for conduct arising out of the performance of their official duties. Mich. Ct. R. 9.227. They enjoy immunity from suit because their activities are quasi-judicial functions. Lepley v. Dresser, 681 F. Supp. 418, 423 (W.D. Mich. 1988). Accordingly, the Judicial Tenure Commission is dismissed from this lawsuit.

## C. Isabella County

The remaining question is whether Isabella County is liable. Plaintiff appears to be alleging that the county permitted unlawful conduct to occur and failed to properly train its employees.

"Liability may be imposed on a county only when a county 'policy' or 'custom' caused the plaintiff's injury and a 'direct causal link' existed between the policy and the purported denial of the [plaintiff's constitutional rights.]" Jones v. Muskegon County, 625 F.3d 935, 946 (6th Cir. 2010).

Plaintiff has not shown the existence of any county custom or policy that caused his injuries or resulted in the denial of his constitutional rights, and his conclusory allegations of unconstitutional conduct do not state a plausible claim for relief under §1983. Agema v. City of Allegan, 826 F.3d 326, 333 (6th Cir. 2016) (citing Iqbal, 556 U.S. at 680). His vague allegations of a conspiracy to defraud him of his property likewise do not state a plausible claim for relief. Brookhart, 385 F. App'x at 69. Finally, to the extent plaintiff is attempting to hold the county liable for the acts of its employees, his claim fails because vicarious liability does not apply to § 1983 suits. Iqbal, 556 U.S. at 676. The allegations in the complaint do not support a theory of county liability.

## IV. Conclusion

Plaintiff's complaint lacks an arguable basis in law and fails to state a plausible claim for which relief can be granted.

Accordingly, the Court summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court also certifies that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated: August 22, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 22, 2019, by electronic and/or ordinary mail and also on Theodore J. Visner #526348, 1780 E. Parnall, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk